PER CURIAM.
¶1 James Kruger was convicted in the Dane County Circuit Court of first-degree recklessly endangering safety with the use of a dangerous weapon and felony bail jumping. Prior to trial, based on the doctrine of issue preclusion, the circuit court barred Kruger from presenting evidence to support Kruger's plea of not guilty by reason of mental disease or defect (NGI).[1] The circuit court confirmed that ruling in denying Kruger's post-conviction motion. Kruger argues that the circuit court erred in denying him the opportunity to present evidence to support his NGI plea and in denying him relief pursuant to his post-conviction motion. In this court, the State does not dispute that the circuit court erred. Rather, the State argues that the circuit court's error was harmless and, as a result, we should reject Kruger's appeal. We conclude that the circuit court's error was not harmless, reverse the judgment and order of the circuit court, and remand for further proceedings consistent with this opinion.
BACKGROUND
¶2 The following facts are not in dispute. Because the sequence of events is material to our analysis, we place those facts in chronological order for the most part. Other pertinent facts are mentioned in the Discussion portion of this opinion.
¶3 On September 9, 2013, Kruger stabbed D.M. in Dane County. On September 10, 2013, in Grant County, Kruger robbed and strangled his uncle. Kruger then forced a person other than his uncle to accompany him in a vehicle in Grant County. Kruger was later arrested and charged with crimes in both Dane County and Grant County.[2]
¶4 In Grant County, Kruger pled no contest to the charges of armed robbery, strangulation and suffocation, and false imprisonment. Kruger also entered an NGI plea to those charges. In April 2016, a jury trial was held on Kruger's Grant County NGI plea. At that jury trial, the State and Kruger each called one expert witness. The experts agreed that Kruger suffers from a mental disease, bipolar disorder, and that Kruger suffered from that mental disease at the time he committed the Grant County crimes. The experts also agreed that Kruger had the capacity to appreciate the wrongfulness of his actions at the time of the Grant County criminal conduct. Kruger's expert testified to the effect that Kruger was not able to conform his behavior to the requirements of the law on September 10, 2013, the date of Kruger's Grant County criminal conduct. In contrast, the State's expert opined that Kruger was able to conform his behavior to the requirements of the law on the day of the Grant County crimes.
¶5 The Grant County jury found that Kruger suffers from a mental disease or defect. The jury rejected Kruger's NGI defense by finding that Kruger appreciated the wrongfulness of his actions and that Kruger was able to conform his conduct to the requirements of the law.
¶6 Meanwhile, Kruger entered not guilty pleas, and NGI pleas, in answer to the Dane County charges of first-degree recklessly endangering safety with a dangerous weapon and felony bail jumping. The same two experts who were called by Kruger and the State at the Grant County trial were scheduled to testify in the NGI phase of the Dane County trial.
¶7 In May 2016, prior to the trial on the Dane County charges and after the Grant County NGI verdict, the State filed a motion to preclude any testimony at the Dane County trial regarding Kruger's NGI defense. Based on the doctrine of issue preclusion, which in the view of the Dane County Circuit Court arose out of the Grant County NGI verdict, the Dane County Circuit Court granted the State's motion and barred any testimony at trial concerning Kruger's NGI plea. This ruling had the effect of dismissing Kruger's NGI defense.
¶8 The Dane County jury convicted Kruger of first-degree recklessly endangering safety while using a dangerous weapon and felony bail jumping.
¶9 After Kruger was sentenced on the Dane County counts, he filed a motion for postconviction relief regarding the preclusion of the NGI defense testimony. The circuit court confirmed its decision regarding the application of issue preclusion and denied the postconviction motion.
¶10 Kruger appeals.
DISCUSSION
¶11 In this court, the State concedes that the circuit court's decision to bar introduction of Kruger's NGI-related evidence based on the doctrine of issue preclusion was an error, but the State asserts that the error was harmless. More particularly, the State contends that, if Kruger had been allowed to present evidence on his NGI defense, the circuit court would have granted a motion by the State to dismiss Kruger's NGI defense at the close of Kruger's evidence because Kruger's proposed expert testimony was "not credible," and the result would still be dismissal of Kruger's NGI defense.[3] We disagree and conclude that the error was not harmless.
I. Standard of Review.
¶12 Whether an error was harmless presents a question of law that this court reviews de novo. State v. Magett , 2014 WI 67, ¶29, 355 Wis. 2d 617, 850 N.W.2d 42.
II. Harmless Error.
¶13 The harmless error rule in Wisconsin applies to criminal proceedings pursuant to WIS. STAT. §§ 805.18 and 972.11(1). Id. An error is harmless if the error complained of "has [not] affected the substantial rights of the party" seeking reversal. Sec. 805.18(2). Put another way, the "harmless error inquiry is whether it is beyond a reasonable doubt that the [circuit court] would have come to the same conclusion absent the error." Magett , 355 Wis. 2d 617, ¶29.
¶14 For context, we next discuss the disputed NGI issue regarding Kruger and the standards required under Wisconsin law to grant a motion to dismiss at the close of Kruger's NGI evidence.
III. NGI Requirements.
¶15 WISCONSIN STAT. § 971.15(1) and (3) read as follows:
(1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect the person lacked substantial capacity either to appreciate the wrongfulness of his or her conduct or conform his or her conduct to the requirements of law.
....
(3) Mental disease or defect excluding responsibility is an affirmative defense which the defendant must establish to a reasonable certainty by the greater weight of the credible evidence.
Sec. 971.15(1), (3). Accordingly, to succeed on his NGI plea, Kruger must demonstrate that: (1) at the time the crime was committed, he was suffering from a mental disease or defect; and (2) as a result of the mental disease or defect, he was substantially unable to appreciate the wrongfulness of his conduct or conform his actions to the dictates of the criminal law. State v. Smith , 117 Wis. 2d 399, 415-16, 344 N.W.2d 711 (Ct. App. 1983).
¶16 The State does not dispute that Kruger was suffering from a mental disease or defect at the time of his pertinent conduct in Dane County. Therefore, concerning Kruger's NGI defense, the disputed issue that would be left for trial is whether, at the time of the Dane County criminal conduct, Kruger was substantially unable to appreciate the wrongfulness of his conduct, or to conform his actions to the dictates of the criminal law, because of the mental disease or defect.
IV. Motion to Dismiss at the Close of Kruger's Evidence.
¶17 To repeat, the State contends that, if the circuit court had not dismissed Kruger's NGI defense before trial by barring introduction of Kruger's evidence regarding his NGI defense, the circuit court would have done so later through a motion to dismiss at the close of Kruger's NGI evidence. We now discuss the standards required under Wisconsin law to grant such a motion.
¶18 WISCONSIN STAT. § 805.14(1) reads in pertinent part:
No motion challenging the sufficiency of the evidence as a matter of law ... shall be granted unless the court is satisfied that, considering all credible evidence and reasonable inferences therefrom in the light most favorable to the party against whom the motion is made, there is no credible evidence to sustain a finding in favor of such party.
Sec. 805.14(1) (emphasis added).
¶19 In the context of an NGI defense, the Wisconsin Supreme Court has held:
After interpreting the evidence in a light most favorable to the accused asserting the defense, if reasonable minds cannot reach different conclusions from the evidence but agree the evidence against mental disease or defect is so overwhelming, it is the duty of the court to rule on the issue as a matter of law so as to preclude the jury from speculating on the question.... Mental disease or defect becomes an issue of fact when there is credible evidence having probative value to present a jury question.
State v. Leach , 124 Wis. 2d 648, 660, 370 N.W.2d 240 (1985) ; see also id. at 659 (quoting Vocational, Tech. & Adult Ed., Dist. 13 v. DILHR , 76 Wis. 2d 230, 240, 251 N.W.2d 41 (1977) ("If only one reasonable inference can be drawn from the evidence, the drawing of that inference is a question of law" and is to be decided by the court.)).
¶20 Therefore, to grant a motion to dismiss at the close of Kruger's NGI evidence, the circuit court must: (1) view Kruger's NGI evidence in a light most favorable to Kruger; and (2) conclude that there is no credible evidence having probative value in support of his NGI defense.
V. Analysis.
¶21 Summarizing to this point, the State must show the following beyond a reasonable doubt for the State to prevail on its harmless error argument: After viewing Kruger's NGI-related evidence presented at trial in the light most favorable to Kruger, there is a valid basis for the circuit court to conclude that there is no credible evidence to support Kruger's contention that he was substantially unable to appreciate the wrongfulness of his conduct or to conform his actions to the dictates of the criminal law because of a mental disease or defect. We conclude that the State has failed to make the required showing.
¶22 The State's argument that there is no credible evidence to support Kruger's NGI defense may be summarized as follows. The State contends that the assessments of Kruger by the State's and Kruger's experts "were not limited to Kruger's mental state on September 10, 2013 [the date of the Grant County criminal conduct], but rather included the September 9 date [the date of the Dane County criminal conduct]." From that premise, the State argues: "And thus, the Dane County court could conclude that since the jury in Grant County already rejected Kruger's NGI defense, it found Kruger's expert not credible." According to the State, from those two points it follows that there is "no credible evidence" to support Kruger's NGI defense, and a motion to dismiss at the close of Kruger's evidence would have been granted by the circuit court.
¶23 The State's position fails for at least three reasons.
¶24 First, the State gives us no citation to the record to support the contention that the State's and Kruger's experts assessed Kruger's mental state as it existed on both September 9 and 10, 2013. So, it is unclear whether the State is relying on the testimony of those experts at the Grant County jury trial, or from the experts' reports contained in the Dane County file, or from any other source. As a result, we are unable to conclude that there is any basis in the record for this contention, and we reject the State's contention for that reason.
¶25 Second, a necessary part of the State's argument is that the Grant County jury found Kruger's expert "not credible." Other than the Grant County jury's verdict, the State points to nothing in support of this assertion. We reject the State's contention because the State does not explain why the Grant County verdict leads to the conclusion that that jury found Kruger's NGI expert "not credible." There are a myriad of factors that may have been a basis for the Grant County NGI verdict other than that expert's credibility, and the State's position is no more than conjecture.
¶26 Third, we reject the State's attempt to label Kruger's expert as "not credible" for purposes of the Dane County case when that expert did not testify in the Grant County case about the Dane County criminal conduct. The State does not dispute Kruger's contention that only the Grant County events of September 10, and not the Dane County events of September 9, were referred to in testimony at the Grant County trial. In contrast, and as mentioned earlier, the question in the Dane County case is whether, at the time of the commission of the earlier Dane County crimes, Kruger's mental disease or defect left him unable to appreciate the wrongfulness of his actions or conform his actions to the requirements of the law. Again, we fail to understand, and the State does not explain, why a jury verdict about events in Grant County on one particular day leads to the conclusion that Kruger's expert must be barred from testifying regarding different facts on a separate day from the Grant County events regarding Kruger's NGI plea in Dane County.
¶27 In support of his argument, Kruger cites Pautz v. State , 64 Wis. 2d 469, 219 N.W.2d 327 (1974), to illustrate that the mental capacity of a defendant must be decided at the specific moment of the criminal conduct. The State fails to acknowledge, and does not attempt to distinguish, the analysis and holding of Pautz .
¶28 Pautz murdered his step-mother and his five-year-old step-brother within minutes of each other. Pautz , 64 Wis. 2d at 478. He presented an NGI defense in the responsibility phase of the trial. Id. at 474. The jury rejected Pautz's NGI defense concerning the murder of his step-mother. However, concerning the death of his step-brother, the jury found in favor of Pautz's NGI defense. Id. at 471. The circuit court concluded in motions after the trial, and the supreme court affirmed, that, regardless of the small amount of time between the killings, the jury could reasonably conclude that Pautz was responsible for one killing but not responsible for the other because of an NGI defense. Id. at 477-79.
¶29 Consistent with the logic and holding of Pautz , the one-day difference between the Dane County and Grant County crimes, and the Grant County jury's rejection of Kruger's NGI defense, are not dispositive on the issue of whether Kruger may have credible evidence to support his NGI defense in the Dane County case.
¶30 We conclude that the State has failed to meet its burden to show that there was harmless error.
VI. Remedy.
¶31 The parties disagree on the remedy. The State argues that Kruger's remedy is remand for a trial on the NGI phase only. Kruger argues that he should be granted a new trial on both the guilt and the NGI phase.
¶32 In Kruger's opening brief in this court, he requests as a remedy only a jury trial to pursue his NGI defense. Kruger requests a jury trial on both phases for the first time in his reply brief. For this reason, alone, we could deny Kruger's request for a new jury trial on the guilt phase. See Bilda v. County of Milwaukee , 2006 WI App 57, ¶20 n.7, 292 Wis. 2d 212, 713 N.W.2d 661 ("It is a well-established rule that we do not consider arguments raised for the first time in a reply brief.").
¶33 Regardless of that forfeiture by Kruger, we would reject his request because Kruger sets forth no developed argument as to why he should receive a new trial on the guilt phase. Kruger's assertion in his reply brief is based solely on the language of WIS. STAT. § 971.165(1)(c)3., which he contends provides for a trial solely on an NGI defense under circumstances that are not applicable here. That statute reads in pertinent part:
(c) If both pleas are tried to a jury , that jury shall be the same, except that:
....
3. If an appellate court reverses a judgment as to the 2nd plea but not as to the first plea and remands for further proceedings, or if the trial court vacates the judgment as to the 2nd plea but not as to the first plea, the 2nd plea may be determined by a different jury selected for this purpose.
Sec. 971.165(1)(c)3. (emphasis added). We assume that Kruger is correct that, since § 971.165(1)(c) requires that both phases be tried to a jury, that portion of the statute does not apply in this circumstance because there was no jury trial in the Dane County case on the NGI plea. However, Kruger cites no authority to support his assertion that Wisconsin law requires in this circumstance both a retrial of the guilt phase and a jury trial on the NGI phase on remand. Therefore, we reject Kruger's request for a retrial on the guilt phase.
¶34 We stress that nothing in this opinion should be construed as constraining the circuit court, on remand, from granting or rejecting in its discretion a motion to dismiss at the close of Kruger's NGI evidence or a motion for a directed verdict at the close of all NGI evidence. If raised, those would be issues for the circuit court to address based on the evidence before the court at that time.
CONCLUSION
¶35 For the foregoing reasons, the judgment and the order of the circuit court are reversed, and this matter is remanded for further proceedings consistent with this opinion.
By the Court. -Judgment and order reversed and cause remanded.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

Pursuant to Wis. Stat. § 971.15(1), a defendant may enter a plea that he or she is not responsible for their criminal conduct because, at the time of the conduct and as a result of a mental disease or defect, the defendant lacked substantial capacity to appreciate either the wrongfulness of his or her conduct or conform his or her conduct to the requirements of the law. That is known in Wisconsin law as an "NGI" plea. State v. Magett , 2014 WI 67, ¶1, 355 Wis. 2d 617, 850 N.W.2d 42. All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The facts of the Grant County case are detailed in State v. Kruger , No. 2017AP415-CR, unpublished slip op. (WI App March 1, 2018).

In briefing in this court, the State refers to a motion for a "directed verdict" as a motion it would have made at the close of Kruger's evidence on the NGI question. However, as pointed out by our supreme court, the motion referred to by the State as a motion for a "directed verdict" is properly referred to as a "motion to dismiss at the close of plaintiff's evidence." See Magett , 355 Wis. 2d 617, ¶63 (citing Wis. Stat. § 805.14(3) ). A motion for a "directed verdict" is made at the close of all evidence. Id. (citing § 805.14(4) ).